*Attorney Grievance Commission of Maryland v. Kenneth Steven Kaufman*, Misc. Docket AG No. 26, September 2018 Term.  Opinion by Hotten, J.

**ATTORNEY DISCIPLINE — SANCTIONS — DISBARMENT**

The Court of Appeals disbarred Kenneth Steven Kaufman from the practice of law in Maryland.  This Court found that Respondent violated MARPC 19-301.1 (Competence), 19-301.2 (Scope of Representation), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct) in his representation of a former client.  Respondent failed to communicate with the client regarding the status of her case, ignored her many attempts to contact him, failed to respond to or oppose motions for summary judgment filed by the defendants in the case, failed to appear on behalf of his client at two hearings, failed to inform the client that her case was dismissed, failed to inform her that the defendants were seeking punitive sanctions, and failed to participate in the attorney grievance proceeding.  His conduct warranted disbarment.

Circuit Court for Montgomery County
Case No. 455953-V
Argued: September 5, 2019

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 26

September Term, 2018

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

KENNETH STEVEN KAUFMAN
_____

Barbera, C.J.,
McDonald,
Watts,
Hotten,
Getty,
Booth,
Raker, Irma S. (Senior Judge,
Specially Assigned)

JJ.

_____

Opinion by Hotten, J.
_____

Filed: November 22, 2019

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

The Attorney Grievance Commission of Maryland, acting through Bar Counsel ("Petitioner"), directed that charges be filed against Kenneth Steven Kaufman ("Respondent"), stemming from an investigation of claims by a former client, Aratesh Hekmat, pursuant to Maryland Rule 19-721.[1] By Order dated October 9, 2018, this Court designated the Honorable Jill R. Cummins ("Hearing Judge") of the Circuit Court for Montgomery County to consider the matter and render factual findings and conclusions of law.

On December 13, 2018, Respondent was served with the Petition for Disciplinary or Remedial Action, Interrogatories, Request for Production of Documents, and Request for Admission of Facts and Genuineness of Documents, as well as the Writ of Summons and this Court's October 9 Order, referring the matter to the Hearing Judge. Respondent failed to file an answer to the Petition, timely or otherwise. As such, Petitioner filed a Motion for Order of Default. The circuit court granted the Motion and scheduled an evidentiary hearing on the Petition. The Order of Default notified Respondent that he could move to vacate the Order within 30 days of the entry of default. The circuit court issued a corresponding notice of default. Respondent neglected to respond to the Order or the notice.

---

[1] Md. Rule 19-721 provides, in pertinent part:

**(a) Commencement of Action.**

(1) *Upon Approval or Direction of the Commission.* Upon approval or direction of the Commission, Bar Counsel, on behalf of the Commission, shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.

The Hearing Judge held the evidentiary hearing on February 25, 2019. Respondent failed to appear. During the course of the hearing, it was determined that Respondent had failed to respond to Petitioner's Request for Admission of Facts pursuant to Maryland Rule 2-424.[2] Accordingly, the Hearing Judge deemed the requests admitted and entered the Petitioner's Admission of Facts into evidence. At the conclusion of the proceeding, the Hearing Judge found, by clear and convincing evidence, that Respondent violated Maryland Attorneys' Rules of Professional Conduct ("MARPC") 19-301.1 (Competence), 19-301.2 (Scope of Representation), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees)[3], 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar

---

[2] Md. Rule 2-424(b) provides:

**(b) Response.** Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request or within 15 days after the date on which that party's initial pleading or motion is required, whichever is later, the party to whom the request is directed serves a response signed by the party or the party's attorney. As to each matter of which an admission is requested, the response shall set forth each request for admission and shall specify an objection, or shall admit or deny the matter, or shall set forth in detail the reason why the respondent cannot truthfully admit or deny it. The reasons for any objection shall be stated. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and deny or qualify the remainder. A respondent may not give lack of information or knowledge as a reason for failure to admit or deny unless the respondent states that after reasonable inquiry the information known or readily obtainable by the respondent is insufficient to enable the respondent to admit or deny. A party who considers that a matter of which an admission is requested presents a genuine issue for trial may not, on that ground alone, object to the request but the party may, subject to the provisions of section (e) of this Rule, deny the matter or set forth reasons for not being able to admit or deny it.

[3] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct

(continued . . . )

2

Admission and Disciplinary Matters), and 19-308.4 (Misconduct). We republish the

Hearing Judge's findings of fact and conclusions of law below.

## FINDINGS OF FACT

The Hearing Judge rendered the following findings regarding Respondent's legal

practice and his representation of Ms. Hekmat:

> The Respondent[,] [Kenneth Steven Kaufman,] was admitted to the Bar of the State of Maryland on December 19, 1985. At all times relevant [to this action, Respondent] maintained an office for the practice of law at his home located in Montgomery County, Maryland.

> ### Representation of Aratesh Hekmat

> On September 16, 2015, Arasteh Hekmat retained the Respondent to represent her in a claim against Francisco and Monica Lainez, Joe Muldoon, and JM Fine Homes, LLC[,] relating to a dispute over a real estate commission due from a real estate sale. Ms. Hekmat and Respondent signed an engagement letter as to his representation, fees, and billing practices. The Respondent agreed to represent Ms. Hekmat for a flat fee in the amount of $2,500 plus 33.3% of any funds recovered from a judgment or a settlement. Ms. Hekmat paid the Respondent $2,500. The Respondent failed to provide Ms. Hekmat with a written agreement outlining the contingency fee [portion of their arrangement].

> On April 25, 2016, the Respondent filed a complaint on behalf of Ms. Hekmat[,] naming Francisco and Monica Lainez, Joe Muldoon and JM Fine Homes, LLC[,] as defendants in the Circuit Court for Montgomery County, Case No. 420248V. On July 5, 2016, the Lainezes filed a Motion to Dismiss the Complaint. On August 1, 2016, the Respondent filed an opposition motion[.] On September 21, 2016, the [c]ircuit [c]ourt held a hearing on the Lainezes' Motion to Dismiss. At the conclusion of the hearing, the [c]ircuit

---

(. . . continued)

("MLRPC") were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and re-codified, without substantive change, in Title 19 of the Maryland Rules. Respondent's misconduct as to fees occurred both prior to July 2016, and after the recodification. For purposes of consistency and clarity, we refer to MARPC throughout this opinion.

3

[c]ourt denied the Motion to Dismiss as to Counts 1 & 2; and granted the Motion to Dismiss in part and dismissed Count 8 of the complaint with prejudice against the Lainezes.

On January 17, 2017, Defendants Muldoon and JM Fine Homes, LLC filed a Motion for Summary Judgment. On January 19, 2017, Defendants Lainezes also filed a Motion for Summary Judgment. The Respondent failed to advise Ms. Hekmat that the defendants had filed Motions for Summary Judgment.

On January 19, 2017, the [c]ircuit [c]ourt held a pretrial/status hearing. At the pretrial hearing, the court scheduled a hearing on the motions for summary judgment for February 28, 2017 and scheduled the case for a one-day court trial on May 3, 2017. The Respondent failed to advise Ms. Hekmat of the February hearing date, as well as[] the May trial date.

On February 3, 2017, the Respondent filed a Motion to Extend Time to Respond to the Motions for Summary Judgment. The court did not rule on the Respondent's February 3 motion. On February 13, 2017, the Respondent filed a second Motion to Extend Time to Respond[.] The court did not rule on the Respondent's February 13 motion. The Respondent failed to file a response or opposition to the Motions for Summary Judgment[.]

As scheduled, on February 28, 2017, a hearing was held on the defendants' Motions for Summary Judgment. The Respondent, having filed no opposition, failed to appear at the hearing to oppose the entry of summary judgment and the dismissal of Ms. Hekmat's case. At the conclusion of the hearing[,] the court granted summary judgment in favor of all defendants and dismissed Ms. Hekmat's case with prejudice, without leave to amend. Additionally, the court granted the defendants' oral motions for leave to file a motion for monetary sanctions or attorneys' fees pursuant to Maryland Rule 1-341.[4] The Respondent did not advise Ms. Hekmat that he failed to oppose the Motions for Summary Judgment, failed to appear for the hearing and that

---

[4] Md. Rule 1-341 provides, in relevant part:

**(a) Remedial Authority of Court.** In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification, the court, on motion by an adverse party, may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorneys' fees, incurred by the adverse party in opposing it.

4

as a result, the court had dismissed her case. In addition, Respondent failed to notify Ms. Hekmat that the court had granted the defendants['] Motion for leave to file a Rule 1-341 Motion for attorneys' fees against her. The Respondent failed to file a motion for reconsideration of the court's dismissal order and failed to provide any explanation to the court for his failure to appear at the hearing.

On March 30, 2017, Mr. Muldoon and JM Fine Homes, LLC filed a Motion Requesting the Payment of Costs for Defending an Unjustified Proceeding against Ms. Hekmat. The Respondent received a copy of the Rule 1-341 Motion but failed to advise Ms. Hekmat that it had been filed and failed to file a response. On April 26, 2017, the [c]ircuit [c]ourt scheduled a hearing on the Rule 1-341 Motion for May 31, 2017. The Respondent received notice of the May 31, 2017 hearing date and failed to advise Ms. Hekmat[.]

Between February and May 2017, Ms. Hekmat made several attempts to contact the Respondent via phone calls and text messaging. The Respondent failed to respond to Ms. Hekmat[.] In May 2017, Ms. Hekmat personally travelled to the courthouse to review and determine the status of her case and learned, for the first time, that the defendants had filed motions for summary judgment, that a hearing had been held and that her case had been dismissed with prejudice. Ms. Hekmat also learned that a hearing was scheduled for May 31, 2017 regarding a Motion for the payment of costs against her.

Ms. Hekmat retained Alexi M. Silverman, Esquire as successor counsel. [M]s. Hekmat appeared at the hearing with Mr. Silverman and requested a postponement. The Respondent did not appear for the hearing. The court granted the request and postponed the hearing to July 10, 2017. On July 5, 2017, Mr. Silverman filed an opposition, on behalf of Ms. Hekmat, to the Rule 1-341 Motion for payment of costs. At the hearing on July 10[,] the [c]ircuit [c]ourt denied the Rule 1-341 Motion for sanctions.

(Internal citations omitted).

### Petitioner's Investigation

On August 25, 2017, Ms. Hekmat filed a formal complaint with Petitioner, alleging that Respondent was unresponsive, and that the failure to thoroughly pursue her matter resulted in additional costs for Ms. Hekmat. The Hearing Judge found that, upon receiving notice of the allegations against him, Respondent did not cooperate with Petitioner in

investigating the merits of Ms. Hekmat's claims against him. The Hearing Judge observed the following:

> By letter dated September 5, 2017, [Petitioner] forwarded Ms. Hekmat's complaint to the Respondent and requested a written response within fifteen days. The Respondent failed to respond[.]
>
> On October 4, 2017, no response having been received, [Petitioner] wrote to the Respondent again, via certified mail, return receipt requested, enclosed a copy of the previous correspondence, and requested a response to the complaint no later than October 19, 2017. On October 23, 2017, the certified letter was returned to [Petitioner] unclaimed.
>
> On November 16, 2017, [Petitioner] called the number the Respondent has on file with the Maryland Client Protection Fund and left a voice message asking him to return the call. The Respondent failed to return the call or otherwise respond[.]
>
> On December 4, 2017, no response having been received, [Petitioner] wrote to the Respondent again, enclosed copies of the previous correspondence and advised him that the matter had been docketed for further investigation. [Petitioner] requested a written response to the complaint within ten days. The Respondent failed to respond[.]
>
> On January 17, 2018, [Petitioner's] investigator, Marc O. Fielder, called the Respondent and left a voice message requesting a return phone call and sent the Respondent an email requesting a reply. The Respondent failed to return Investigator Fielder's phone call or otherwise respond[.] On January 18, 2018, Investigator Fielder unsuccessfully attempted to make contact with the Respondent at his home and left a business card. On February 10, 2018, Investigator Fielder made a second attempt to contact the Respondent at his home. An individual who identified himself as the Respondent's son answered the door and was given copies of the correspondence from [Petitioner] to give to the Respondent. The Respondent has failed to ever provide a response to [Petitioner].

## CONCLUSIONS OF LAW

Based on the aforementioned findings of fact, the Hearing Judge determined that the evidence concerning Respondent's representation of Ms. Hekmat and conduct during

the Petitioner's investigation, warranted sanctions under the following rules of professional conduct:

## MARPC 19-301.1 Competence

The Hearing Judge concluded that Respondent violated Rule 19-301.1[5] when he failed to appear at the February 28, 2017 and May 31, 2017 hearings.  In addition to his failure to appear, the Hearing Judge also concluded that Respondent did not demonstrate "the required legal knowledge, skill, thoroughness and preparation in his representation of Ms. Hekmat when he failed to file a response or opposition to defense counsels' Motions for Summary Judgment, failed to file a Motion for Reconsideration after Ms. Hekmat's case was dismissed, and failed to file a response or opposition to defense counsel's Rule 1-341 motion."

## MARPC 19-301.2 Scope of Representation

The Hearing Judge determined that Respondent violated Rule 19-301.2[6] in his representation of Ms. Hekmat for the same reasons that he was in violation of Rules 19-

---

[5] Md. Rule 19-301.1 provides:

An attorney shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[6] Md. Rule 19-301.2 provides, in relevant part:

**(a)** Subject to paragraphs (c) and (d) of this Rule, an attorney shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued.  An attorney may take such action on behalf of the client as is impliedly authorized to

(continued . . . )

7

301.1 and 19-301.4: "[t]he Respondent failed to pursue Ms. Hekmat's case in any meaningful way."

## MARPC Rule 19-301.3 Diligence

The Hearing Judge concluded that the Respondent violated Rule 19-301.3[7] for the same reasons discussed regarding Rules 19-301.1 and 19-301.4.

## MARPC Rule 19-301.4 Communication

The Hearing Judge concluded that Respondent

violated Rule 19-301.4(a) and (b) when he (1) failed to inform Ms. Hekmat of the February 28, 2017 and May 31, 2017 court dates; (2) failed to inform her that defendants had filed a Motion for Summary Judgment and that he had failed to file any response or opposition; (3) failed to inform her that he failed to appear at the February 28, 2017 hearing; (4) failed to inform her that her case had been dismissed with prejudice; and (5) failed to inform her that defense counsel had filed a Rule 1-341 Motion and that he had failed to respond in any manner. Additionally, the Respondent violated Rule 19-301.4[8] by failing to respond to Ms. Hekmat's phone calls and text messages for the period of February 2017 through May 2017.

---

(. . . continued)

carry out the representation. An attorney shall abide by a client's decision whether to settle a matter. In a criminal case, the attorney shall abide by the client's decision, after consultation with the attorney, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[7] Md. Rule 19-301.3 provides, "[a]n attorney shall act with reasonable diligence and promptness in representing a client."

[8] Md. Rule 19-301.4 provides:

**(a)** An attorney shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 19-301.0 (f) (1.0), is required by these Rules;

(continued . . . )

8

**MARPC 19-301.5 Fees**

The Hearing Judge determined that Respondent violated MARPC 19-301.5(a) and

(c).[9] Regarding MARPC 19-301.5(a), the court found that, while collecting the $2,500

---

(. . . continued)

> (2) keep the client reasonably informed about the status of the matter;
>
> (3) promptly comply with reasonable requests for information; and
>
> (4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the [MARPC] or other law.
>
> **(b)** An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[9] Md. Rule 19-301.5 provides, in relevant part:

> **(a)** An attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;

(continued . . . )

retainer from Ms. Hekmat was not unreasonable at the commencement of the representation, "it became unreasonable when Respondent failed to perform any legal services of value for Ms. Hekmat and failed to advance her claim [against the defendants] in any meaningful way." *See Attorney Grievance Comm'n v. Monfried*, 368 Md. 373, 393–94, 794 A.2d 92, 103–04 (2002) (finding that the attorney's fee was unreasonable as a matter of law because the attorney performed practically no services in return for the money paid by the client's mother); *see also Attorney Grievance Comm'n v. Guida*, 391 Md. 33,

---

(. . . continued)

(7) the experience, reputation, and ability of the attorney or attorneys performing the services; and

(8) whether the fee is fixed or contingent.

**(b)** The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the attorney will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

**(c)** A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by section (d) of this Rule or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the attorney in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be responsible whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the attorney shall provide the client with a written statement stating the outcome of the matter, and, if there is a recovery, showing the remittance to the client and the method of its determination.

10

52–53, 891 A.2d 1085, 1096–97 (2006) (finding that while the fee was not unreasonable on its face, it became unreasonable because the attorney did virtually no work after he received the fee). In addition, the Hearing Judge concluded that Respondent failed to return unearned fees, which violated Rule 19-301.5(a). The Hearing Judge also found that Respondent violated MARPC 19-301.5(c) because he failed to provide Ms. Hekmat with a written contingency fee agreement.

The Hearing Judge did *not* find, by clear and convincing evidence, that Respondent violated MARPC 19-301.5(b). At the outset of the representation, Respondent provided, in writing, the rate of his fee and expenses for which Ms. Hekmat would be responsible, thereby satisfying his obligations under 19-301.5(b).

### MARPC Rule 19-301.16 Declining or Terminating Representation

The Hearing Judge found that Respondent violated Rule 19-301.16(d)[10] when "he abandoned Ms. Hekmat's case, in essence terminating his representation of Ms. Hekmat without giving her or the court proper notice." The Hearing Judge further reasoned that Respondent had failed to meet his professional obligations, in violation of 19-301.16, when

---

[10] Md. Rule 19-301.16 provides, in pertinent part:

**(d)** Upon termination of representation, an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another attorney, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The attorney may retain papers relating to the client to the extent permitted by other law.

he failed to return unearned legal fees to Ms. Hekmat as discussed in relation to the rules concerning fees.

## MARPC Rule 19-308.1 Bar Admission and Disciplinary Matters

The Hearing Judge found that Respondent violated Rule 19-308.1[11] during Petitioner's investigation, by "knowingly and intentionally" failing to respond to Petitioner's numerous attempts to obtain information and documentation related to the representation of Ms. Hekmat.

## MARPC Rule 19-308.4 Misconduct

The Hearing Judge also found misconduct under Rule 19-308.4.[12] The Hearing Judge determined that Respondent violated Rule 19-308.4(a) because of his failure to comply with the other Rules of Professional Conduct discussed above. In addition, the

---

[11] Rule 19-308.1 states, in part:

An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with disciplinary matter, shall not:

**(b)** fail to disclose a fact necessary to correct a misapprehension known by the person to have risen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

[12] Rule 19-308.4 provides, in relevant part:

It is professional misconduct for an attorney to:

**(a)** violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through another;

\*\*\*

**(d)** engage in conduct that is prejudicial to the administration of justice[.]

Hearing Judge concluded that Respondent violated subsection (d) because he abandoned the representation of Ms. Hekmat, and as a result, Respondent "betrayed the trust [she] had placed in him and, in doing so, negatively impacted the [public] perception of the legal profession[.]" His repeated failure to appear on behalf of his client and respond to various motions filed in her case "prejudiced the orderly administration of Ms. Hekmat's case." To support her conclusion, the Hearing Judge cited this Court's decision in *Attorney Grievance Commission v. Walker-Turner*. In that case, we stated:

> [A]n attorney plays such an integral role in the judicial process that without his presence the wheels of justice must, necessarily, grind to a halt. The attorney's absence from the courtroom is immediately cognizable by the judge and intrudes upon the operation and dignity of the court.

428 Md. 214, 232, 51 A.3d 553, 564 (2012) (quoting *Attorney Grievance Comm'n v. Ficker*, 319 Md. 305, 315, 572 A.2d 501, 506 (1990)). According to the Hearing Judge, "[t]aken as a whole, the Respondent's conduct in this matter brings the legal profession into disrepute and is therefore prejudicial to the administration of justice." (internal citations omitted).

### Aggravating and Mitigating Factors

We now turn to the Hearing Judge's conclusions regarding aggravating and mitigating factors. This Court has recognized certain aggravating factors in an attorney grievance proceeding. In *Attorney Grievance Commission of Maryland v. Shuler*, 443 Md. 494, 506–07, 117 A.3d 38, 46 (2015), this Court explained that the following aggravating factors should be considered:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the MLRPC [or MARPC]; (5) bad

13

faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court or the hearing judge; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

The Hearing Judge concluded that four of the established aggravating factors applied to the present proceeding: (1) multiple offenses because Respondent violated multiple rules in his representation of Ms. Hekmat; (2) bad faith obstruction of the disciplinary process because Respondent intentionally failed to comply with Petitioner's numerous requests for information in investigating Respondent for professional misconduct; (3) substantial experience in the practice of law because Respondent was admitted to practice law in 1985; and (4) indifference to making restitution because Respondent demonstrated a "complete indifference" to making Ms. Hekmat whole.

This Court has also identified mitigating factors in determining an appropriate sanction for violations of the Rules of Professional Conduct. The mitigating factors include:

Absence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses.

*Attorney Grievance Comm'n v. White*, 448 Md. 33, 73, 136 A.3d 819, 842 (2016). The

Hearing Judge concluded that none of the above mitigating factors applied because Respondent did not establish mitigation by a preponderance of the evidence. Md. Rule 19-727(c).

## STANDARD OF REVIEW

This Court reviews findings of fact for clear error. *Attorney Grievance Comm'n v. Greenleaf*, 438 Md. 151, 156, 91 A.3d 1066, 1069 (2014). In an attorney grievance proceeding, "[t]he hearing [judge's] findings of fact are *prima facie* correct and will not be disturbed unless they are shown to be clearly erroneous." *Attorney Grievance Comm'n v. Harrington*, 367 Md. 36, 49, 785 A.2d 1260, 1267 (2001). "Findings of fact to which neither party takes exception may be treated by us as conclusively established." *White*, 448 Md. at 50, 136 A.3d at 829. Where the parties have filed exceptions, "[we] shall determine whether the findings of fact have been proven by the requisite standard of proof outlined in Md. [Rule 19–727(c)]."[13] *Id.* at 50, 448 Md. at 829.

It is well established that this Court is the ultimate decisionmaker regarding whether an attorney has violated the Rules of Professional Conduct. *Harrington,* 367 Md. at 49, 785 A.2d at 1267. Therefore, we review conclusions of law for legal correctness and without deference to the hearing judge. *Attorney Grievance Comm'n v. Whitehead,* 405 Md. 240, 253, 950 A.2d 798, 806 (2008).

## DISCUSSION

---

[13] Md. Rule 19-727(c) provides:

**(c) Burdens of Proof.** Bar Counsel has the burden of proving the averments of the petition by clear and convincing evidence. If the attorney asserts an affirmative defense or a matter of mitigation or extenuation, the attorney has the burden of proving the defense or matter by preponderance of the evidence.

15

Neither Respondent nor Petitioner filed exceptions to the Hearing Judge's proposed findings of fact and conclusions of law. Additionally, Respondent did not appear for oral argument before this Court. As a result, we adopt the Hearing Judge's proposed findings of fact as conclusively established. In reviewing the record *de novo*, we also agree with the Hearing Judge's conclusions of law and hold that Respondent violated MARPC Rules 19-301.1 (Competence), 19-301.2 (Scope of Representation), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct). We discuss each violation in turn.

### MARPC Rule 19-301.1 Competence

Rule 19-301.1 requires an attorney to provide competent representation in a client matter. While representing Ms. Hekmat, Respondent violated MARPC 19-301.1 because he failed to pursue the matter beyond filing the initial complaint against the defendants and opposing a motion to dismiss. Respondent did request two extensions of time after the defendants moved for summary judgment, but took no additional steps when the court did not rule on either of his motions for an extension. In *Attorney Grievance Commission v. Moore*, this Court determined that an attorney who failed to request medical records, failed to timely send a letter of representation to the insurance provider, generally failed to communicate with the client, failed to make a settlement demand, and failed to notify the client that he was terminating representation in the matter had violated what is now Md. Rule 19-301.1. 451 Md. 55, 78–79, 152 A.3d 639, 652 (2017).

16

In that case, we reiterated that "a complete failure of representation is the ultimate incompetency." *Id*. at 78–79, 152 A.3d at 652 (quoting *Attorney Grievance Comm'n v. Mooney*, 359 Md. 56, 74, 753 A.2d 17, 26 (2000)). Although Respondent may have possessed adequate legal knowledge and skill based on his more than thirty years practicing law, he was still in violation of Rule 19-301.1 given failures in his representation and demonstrated lack of competency. Respondent did not provide Ms. Hekmat with competent representation by failing to file a response or opposition to the motions for summary judgment, failing to inform his client that the defendants' motions for summary judgment had been granted and her case dismissed, ignoring her many attempts to communicate about the case, failing to appear at the scheduled hearings, and failing to file a response or any opposition to the defendants' motion requesting sanctions against Ms. Hekmat. The record contains clear and convincing evidence to support the Hearing Judge's conclusion that Respondent violated MARPC Rule 19-301.1.

## MARPC Rule 19-301.2 Scope of Representation

Rule 19-301.2 requires that an attorney abide by client objectives for the representation and consult with the client regarding the means by which the objectives should be pursued. Respondent deprived Ms. Hekmat of the opportunity to make informed decisions concerning the objectives of the representation by failing to give her "honest updates regarding the status of her case." *Attorney Grievance Comm'n v. Shapiro*, 441 Md. 367, 380, 108 A.3d 394, 402 (2015). Respondent also failed to submit any opposition or response to the motions for summary judgment, which ultimately led to her case being dismissed. In *Attorney Grievance Commission v. Brown*, we found that an attorney

17

violated what is now MARPC Rule 19-301.2(a) because his inaction led to two of his clients' cases being dismissed. 426 Md. 298, 320, 44 A.3d 344, 357 (2012). The attorney then failed to inform his clients of the subsequent dismissals. He also ignored clients' requests for status updates and information regarding their cases after learning that their cases were dismissed. *Id.*

Here, Ms. Hekmat was similarly unaware that the defendants had moved for summary judgment or that the trial court had granted their motions and dismissed her case with prejudice. After numerous attempts to contact Respondent, Ms. Hekmat went to the Montgomery County courthouse to inquire about the status of her case, where she learned that it had already been dismissed. She also learned that defendants were seeking punitive sanctions against her, and there would be an upcoming hearing on the motion. She did not obtain this information from Respondent.

Ms. Hekmat made several attempts to reach Respondent via text messages and phone calls, but Respondent failed to respond to any of her inquiries. Accordingly, Respondent violated MARPC 19-301.2 because he failed to keep his client informed about the status of her case and "[his] inaction all but guaranteed that [his] client's objectives would not be met." *Attorney Grievance Comm'n v. Edwards*, 462 Md. 642, 697, 202 A.3d 1200, 1231 (2019).

**MARPC 19-301.3 Diligence**

Respondent did not "act with reasonable diligence and promptness" in representing Ms. Hekmat. The same rationale supporting the conclusion that an attorney violated MARPC Rule 19-301.1 may also support a Rule 19-301.3 violation. *Edwards*, 462 Md. at

18

699, 202 A.3d at 1232. This Court has found 19-301.3 violations in similar cases of misconduct, where an attorney failed to "advance the client's cause or endeavor," *Attorney Grievance Comm'n v. Smith*, 457 Md. 159, 216, 177 A.3d 640, 674 (2018), and "failed to return phone calls, respond to letters, or provide an accounting of earned fees." *Moore*, 451 Md. at 80, 152 A.3d at 653. Respondent failed to communicate with Ms. Hekmat and failed to file anything in response or opposition to the motions for summary judgment, which ultimately led to the dismissal of her case. Further, Respondent failed to follow-up on filed Motions to Extend Time to Respond when he did not receive any ruling from the trial court. Therefore, Respondent demonstrated a lack of diligence in the representation in violation Rule 19-301.3.

### MARPC 19-301.4 Communication

Rule 19-301.4(a)(2) requires an attorney to keep clients reasonably informed about the status of their case. Subsection (b) requires an attorney to explain matters to the extent reasonably necessary for clients to make informed decisions on their behalf. Respondent violated MARPC Rule 19-301.4(a)-(b) in five ways: (1) Respondent failed to inform Ms. Hekmat of the February 28 and May 31, 2017 hearings; (2) he did not inform Ms. Hekmat that the defendants had filed motions for summary judgment and that he failed to file an opposition or response to the motions; (3) he failed to tell Ms. Hekmat that he did not appear for either of the scheduled hearing dates; (4) he did not inform Ms. Hekmat that the court had granted the defendants' motions for summary judgment and dismissed her case with prejudice; and (5) he neglected to inform Ms. Hekmat that the defense moved for sanctions against her and that he had not filed anything in response to the Rule 1-341

19

Motion. Respondent also violated this Rule by failing to respond to Ms. Hekmat's many phone calls and text messages from February 2017 through May 2017.

## MARPC 19-301.5 Fees

This Court finds that Respondent violated the professional rules associated with attorneys' fees because he accepted Ms. Hekmat's payment, but failed to provide the agreed upon legal services. Respondent also violated this rule by failing to provide Ms. Hekmat with a written contingency agreement as required by subsection (c) of Rule 19-301.5. The $2,500 fee collected at the beginning of the representation was not in and of itself unreasonable. However, Respondent kept the fee despite having done little to advance Ms. Hekmat's claim against the defendants. In *Attorney Grievance Commission v. Guida*, this Court determined that an attorney had violated what is now Md. Rule 19-301.5 because his "lack of effort" on behalf of his clients after collecting the fee made the fee unreasonable. 391 Md. at 52–53, 891 A.2d at 1096–97. Here, Respondent demonstrated a similar lack of effort in failing to advance Ms. Hekmat's claim beyond the initial complaint. As mentioned above, Respondent did not appear at scheduled hearing dates and failed to respond to or oppose motions filed by the defendants. Because Respondent failed to do the work required for his client while still collecting the agreed upon fee, Respondent violated MARPC 19-301.5(a).

At the onset of the representation, Respondent explained how his fees were calculated and Ms. Hekmat agreed to pay a flat fee of $2,500 plus one third of any judgment or settlement recovered in the case. The one-third fee is a contingency fee and under subsection (c), such a fee arrangement must be outlined in writing. Respondent failed to

20

provide Ms. Hekmat with a written contingency fee agreement. We agree with the Hearing Judge's conclusion that Respondent did not violate subsection (b) because his written engagement letter included the rate of his non-contingency fee and the expenses for which Ms. Hekmat would be responsible. As such, we conclude that Respondent only violated subsection (a) and (c) of MARPC 19-301.5.

## MARPC 19-301.16 Declining or Terminating Representation

Under MARPC 19-301.16(d), attorneys must give reasonable notice that they are terminating the representation. Respondent never told Ms. Hekmat that he was terminating his representation or withdrawing as counsel in the matter. Instead, he abandoned Ms. Hekmat's case entirely, effectively terminating his representation. Respondent also deprived Ms. Hekmat of a reasonable opportunity to find replacement counsel. As a result of her own investigation, she discovered that there was an upcoming May hearing on the Rule 1-341 motion and acquired new counsel shortly before the hearing. Further, Respondent violated Rule 19-301.16(d) when he failed to return unearned fees associated with the representation.

## MARPC Rule 19-308.1 Bar Admission and Disciplinary Matters

Respondent violated Rule 19-308.1 in his failure to respond to any of Petitioner's numerous requests for him to comply with the investigation and correspond with Petitioner. In *Attorney Grievance Commission v. Lara*, an attorney was accused of abandoning his clients without returning unearned fees and failed to comply with Bar Counsel's request for information pertaining to the representation. 418 Md. 355, 365, 14 A.3d 650, 656 (2011). This Court concluded that Lara showed great indifference to the attorney grievance

21

process and his professional obligations by failing to respond to the investigation, although he was reminded of his responsibility to do so. *Id*.

In the instant case, Petitioner attempted to reach Respondent by phone, email, and in person to no avail. From September 2017 to February 2018, Petitioner attempted to contact Respondent and advised Respondent that a complaint had been filed against him. At no point during the investigation did Respondent participate or cooperate with Petitioner. He also failed to appear at the evidentiary hearing before the Hearing Judge; file a response to the allegations against him; or appear at oral argument before this Court. Accordingly, we agree that Respondent violated MARPC Rule 19-308.1 in evading Petitioner and failing to participate in this proceeding in any way.

### MARPC Rule 19-308.4 Misconduct

Respondent also violated Rule 19-308.4(a) because he violated several of the professional rules in representing Ms. Hekmat. In *Moore*, we restated the established principle that multiple rule violations can support the conclusion that an attorney has also violated Rule 19-308.4. 451 Md. at 86, 152 A.3d at 657 (citing *Attorney Grievance Comm'n v. Nelson*, 425 Md. 344, 363, 40 A.3d 1039, 1050 (2012) ("Rule [19-308.4(a)] is violated when other Rules of Professional Conduct are breached.")). As explained above, Respondent violated MARPC Rules 19-301.1, 19-301.2, 19-301.3, 19-301.4, 19-301.5(a) and (c), 19-301.16, and 19-308.1 and, in turn, he violated Rule 19-308.4(a).

We agree with the Hearing Judge and find misconduct under Rule 19-308.4(d). Respondent's behavior in effectively abandoning his client reflects poorly on the integrity of the legal profession and, as such, is prejudicial to the administration of justice.

22

Respondent's unresponsiveness and inaction in the case resulted, at least in part, in the trial judge granting the defendants' motions for summary judgment and dismissing her case with prejudice. While it is not guaranteed that Respondent would have obtained a favorable result for Ms. Hekmat, his conduct in this case surely impeded her ability to meet legal objectives and participate in the legal process.

## SANCTION

It is well-established that the purpose of sanctions in attorney disciplinary proceedings is not to punish the attorney. *Attorney Grievance Comm'n v. Williams*, 446 Md. 355, 375, 132 A.3d 232, 244 (2016). Instead, we are motivated by our obligation to protect members of the public from attorneys who have demonstrated that they are unfit for the practice of law. *Id*. Under this approach, we seek to impose sanctions that are "commensurate with the nature and gravity of the violations and the intent with which they were committed," while considering the unique circumstances of each case and any aggravating or mitigating factors. *Id*. at 376, 132 A.3d at 244 (quoting *Attorney Grievance Comm'n v. Khandpur*, 421 Md. 1, 18, 25 A.3d 165, 175 (2011)). We hold that the Respondent violated MARPC Rules 19-301.1 (Competence), 19-301.2 (Scope of Representation), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5 (Fees), 19-301.16 (Declining or Terminating Representation), 19-308.1 (Bar Admission and Disciplinary Matters), and 19-308.4 (Misconduct). We also find the following aggravating factors: (1) multiple violations of the Maryland Attorneys' Rules of Professional Conduct, (2) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, (3) substantial experience in the practice of

23

law, and (4) indifference in making restitution. Having offered no evidence of mitigation, we find that disbarment is the appropriate sanction, given the egregious nature of the misconduct.

In similar cases involving abandonment of a client matter and sheer disregard for the attorney grievance process, we have found disbarment or indefinite suspension to be the appropriate sanctions. Petitioner contends that indefinite suspension is the applicable sanction in this case.[14] In *Attorney Grievance Commission v. Harrington*, for example, this Court determined that indefinite suspension was an appropriate sanction for an attorney who failed to diligently pursue a client's legal matter, failed to promptly respond to client's request for updates and other information, and failed to respond to repeated phone calls and disregarded letters from Bar Counsel during the investigation. 367 Md. 36, 785 A.2d 1260 (2001).

In *Lara*, on the other hand, we disbarred the attorney who ignored Bar Counsel until an investigator for the Attorney Grievance Commission appeared unannounced at his home. 418 Md. at 364–66, 14 A.3d at 656–57. Although he was reminded of his obligation

---

[14] Although Petitioner recommends an indefinite suspension, ultimately this Court has "the authority to order any lawful sanction it deems appropriate in a given case." *Attorney Grievance Comm'n v. Duvall*, 373 Md. 482, 493, 819 A.2d 343, 349 (2003). And, as we noted in a reciprocal attorney discipline case: "We are required to assess for ourselves the propriety of the sanction imposed by the other jurisdiction and that recommended by [Petitioner]." *Attorney Grievance Comm'n v. Peters-Hamlin*, 447 Md. 520, 538, 136 A.3d 374, 384 (2016) (citations omitted). Accordingly, we are "not bound by [Petitioner's] recommendation," *Duvall*, 373 Md. at 493, 819 A.2d at 350, and instead may exceed Petitioner's recommendation, as we do in this case.

to comply with Bar Counsel's lawful requests for information, he did not provide requested written responses to the complaints against him and failed to appear at oral argument before this Court. *Id.* We determined his conduct in the representation of his clients and during the investigation warranted disbarment because of the multiple infractions and the demonstrated indifference to the legal system, his obligations to his clients, and to this Court. *Id.* at 367, 14 A.3d at 657–58.

Similarly, in *Attorney Grievance Commission v. Blair*, we disbarred an attorney who abandoned the representation of his client, retained unearned fees, failed to participate in the attorney grievance proceeding, and failed to appear before this Court, finding that Respondent demonstrated a "flagrant neglect of client affairs[]" in his abandonment of the client, but also in his ongoing disregard for the attorney grievance process. 440 Md. 387, 405–06, 102 A.3d 786, 796 (2014).

In the case at bar, Respondent has demonstrated a continuing disrespect for the attorney grievance process and his client. Ms. Hekmat relied on Respondent to pursue her matter competently and diligently. Instead of informing Ms. Hekmat that he was terminating the representation or that he could not perform his duties to her, Respondent ignored her repeated phone calls and text messages, leaving his client to find replacement counsel shortly before a hearing. Respondent also engaged in similar conduct with respect to Bar Counsel by failing to respond to numerous letters, emails, phone calls, and in-person visits. His conduct throughout the investigation has exacerbated the misconduct. In the absence of mitigating factors or other justification for his failure to respond to or participate in this proceeding, we find no legitimate reason to impose the lesser sanction of indefinite

25

suspension.  As such, we find that Respondent's conduct warrants the ultimate sanction of

disbarment.

> **IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709 (d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST KENNETH STEVEN KAUFMAN.**

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/coa/26a18agcn.pdf