*Attorney Grievance Commission of Maryland v. Wortham David Davenport*, Miscellaneous Docket AG No. 67, September Term, 2019, Opinion by Booth, J.

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT**

This attorney grievance matter involves an attorney who represented a client in a divorce and custody proceeding. In connection with that representation, after taking a $2,500 fee, the attorney failed to deposit the fee in his trust account. Although at the outset of the representation, the attorney drafted an untimely and defective counter-complaint, and a motion, he subsequently abandoned all representation. Specifically, the attorney failed to attend the scheduled hearings, did not advise his client of the hearings, and failed to respond to discovery requests and motions, including motions to compel and motions for counsel fees. After the client terminated the representation and requested that the attorney return the unearned fee, the attorney failed to withdraw from the case, thereby adversely affecting the client's ability to settle the matter, and he failed to return the unearned fee. Thereafter, the attorney failed to respond to Bar Counsel during its investigation and failed to participate in any manner in this attorney grievance proceeding.

The Court concluded that the attorney violated Maryland Attorneys' Rules of Professional Conduct (1) Rule 1.1 (Competence); (2) Rule 1.2(a) (Scope of Representation); (3) Rule 1.3 (Diligence); (4) Rule 1.4(a) and (b) (Communication); (5) Rule 1.5(a) (Fees); (6) Rule 1.15(a) (Safekeeping Property); (7) Rule 1.16(d) (Declining or Terminating Representation); (8) Rule 8.1(b) (Bar Admission and Disciplinary Matters); and (9) Rule 8.4(a) and (d) (Misconduct). Disbarment is the appropriate sanction in this case.

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 67

September Term, 2019

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

WORTHAM DAVID DAVENPORT

Barbera, C.J.
McDonald
Watts
Hotten
Getty
Booth
Biran,

JJ.

Opinion by Booth, J.

Filed: January 29, 2021



Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Suzanne C. Johnson, Clerk

The Attorney Grievance Commission of Maryland ("Commission" or "Petitioner"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action ("Petition") against Respondent, Wortham David Davenport, in connection with a complaint filed by a former client whom he represented in a divorce and custody matter. In the Petition, Bar Counsel alleged that Mr. Davenport violated Maryland Attorney Rules of Professional Conduct (MARPC):[1] (1) Rule 19-301.1 (Competence); (2) Rule 19-301.2(a) (Scope of Representation); (3) Rule 19-301.3 (Diligence); (4) Rule 19-301.4(a) and (b) (Communication); (5) Rule 19-301.5(a) (Fees); (6) Rule 19-301.15(a) (Safekeeping Property); (7) Rule 19-301.16(d) (Declining or Terminating Representation); (8) Rule 19-308.1(b) (Bar Admission and Disciplinary Matters); and (9) Rule 19-308.4(a), (c), and (d) (Misconduct).

Pursuant to Maryland Rules 19-722(a) and 19-727, this Court transmitted the case to the Circuit Court for Howard County and designated the Honorable John J. Kuchno to conduct an evidentiary hearing and make findings of fact and conclusions of law. Thereafter, Mr. Davenport was served with a writ of summons, the Petition, Petitioner's interrogatories and request for production of documents, and request for admissions of fact and genuineness of documents. Mr. Davenport failed to respond to the charges filed against him, and therefore, the hearing judge entered an order of default on April 30, 2020.

---

[1] The Maryland Attorneys' Rules of Professional Conduct are codified as Maryland Rule 19-300.1 *et seq*. In an effort to enhance readability, we use abbreviated references to the prior codifications of these rules, which are consistent with the ABA Model Rules on which they are based (*i.e.,* Maryland Rule 19-301.1 will be referred to as Rule 1.1). *See* ABA Compendium of Professional Responsibility Rules and Standards (Am. Bar Ass'n 2017).

A remote hearing was held on July 14, 2020. Mr. Davenport did not appear at the hearing and did not present any evidence or arguments on his behalf at any point throughout these proceedings. During the hearing, the requests in Petitioner's requests for admission of facts and genuineness of documents were deemed admitted and received as evidence, pursuant to Maryland Rule 2-424(b). On August 27, 2020, the hearing judge entered findings of fact and conclusions of law based upon the averments in the Petition, and the Petitioner's request for admission and genuineness of documents, with attached exhibits. Mr. Davenport did not file any exceptions, nor did he make any recommendation regarding sanction. Petitioner recommended disbarment.

This Court considered the matter on the papers submitted without oral argument.[2] On November 30, 2020, we issued a *per curiam* order disbarring Mr. Davenport. *Attorney Grievance Comm'n v. Davenport*, 471 Md. 358 (2020). We explain in this opinion the reasons for that action.

**I**

**The Hearing Judge's Findings of Fact**

We summarize the hearing judge's findings of fact and the exhibits submitted at the hearing as follows. As no exceptions have been filed, we treat the findings of fact as established. Maryland Rule 19-741(b)(2)(A).

---

[2] The Attorney Grievance Commission ("Commission") filed a request to waive oral argument in this matter. After Mr. Davenport did not respond to the Commission's request, the Court entered a show cause order directing him to show cause why oral argument should be held. Mr. Davenport filed no response to the show cause order. On October 30, 2020, we granted the Commission's request to waive oral argument.

*Background*

Mr. Davenport was admitted to the Maryland Bar on December 17, 1991. At all times relevant to the current action, he maintained an office for his legal practice in Howard County, Maryland.

*Representation of Lisa Stanley*

On March 29, 2018, Joseph Stanley filed a complaint for limited divorce, custody, and other related relief against Lisa Stanley in the Circuit Court for Anne Arundel County. At issue was custody of two minor children. Ms. Stanley, who was living in Arizona, was served and filed a *pro se* answer. Thereafter, in June 2018, Ms. Stanley retained Mr. Davenport to represent her in the divorce and custody proceeding. Ms. Stanley paid Mr. Davenport a flat fee of $2,500. Mr. Davenport failed to deposit and maintain Ms. Stanley's funds in an attorney trust account until earned.

Mr. Davenport entered his appearance on June 28, 2018. On July 24, 2018, the court ordered a scheduling conference to be held on September 5, 2018. Mr. Davenport received a copy of the court's order but failed to advise Ms. Stanley of the scheduling conference. Mr. Davenport filed a motion five days before the scheduling conference, requesting that Ms. Stanley be permitted to attend via "court call[,]" as well as a motion to shorten Mr. Stanley's time period for responding to the motion. That same day, the court denied the motions and required that the parties and their counsel be present for the scheduling conference.

On September 3, 2018, Mr. Davenport filed a counter-complaint for child custody, child support, and alimony, as well as a motion for pendente lite custody, child support,

3

and alimony. However, the pleading was untimely and deficient because it did not include Ms. Stanley's signed affidavit. Mr. Stanley's attorney moved to strike the counter-complaint. In addition to filing the motion to strike the counter-complaint, on September 5, Mr. Stanley's counsel propounded interrogatories and requests for production of documents, which he served on Mr. Davenport as Ms. Stanley's counsel.

Mr. Davenport and Ms. Stanley failed to appear at the scheduling conference. The court scheduled a pre-trial settlement conference for December 17, 2018 and issued a show cause order requiring Ms. Stanley and Mr. Davenport to appear for a show cause hearing in November to explain their failure to appear at the scheduling conference. The court mailed the notice to Mr. Davenport. Mr. Davenport did not notify his client that he had failed to attend the September scheduling conference, nor did he advise her of the November show cause hearing or the December settlement conference. Additionally, Mr. Davenport failed to advise Ms. Stanley of the discovery requests and failed to respond to them in any manner.

On October 29, 2018, the court ordered that no action be taken on Mr. Stanley's motion to strike Ms. Stanley's counter-complaint and ordered Mr. Davenport to file an amended counter-complaint containing the required oath from Ms. Stanley within 20 days. Mr. Davenport did not advise Ms. Stanley of the court's order, nor did he file an amended counter-complaint on her behalf.

In November, counsel for Mr. Stanley filed a motion to compel discovery and for sanctions based upon Ms. Stanley's failure to respond to discovery. Mr. Davenport did not respond to the motion. Additionally, given Mr. Davenport's failure to file an amended

4

counter-complaint in accordance with the court's order, counsel for Mr. Stanley filed a second motion to strike the pleading.

The court held a pre-trial settlement hearing on December 17, 2018. Mr. Davenport failed to appear. The court called Ms. Stanley, who participated telephonically and told the court that she had been trying unsuccessfully to contact Mr. Davenport. The court dismissed Ms. Stanley's counter-complaint and issued a show cause order, directing Mr. Davenport to appear at a hearing on March 15, 2019 to show cause why he should not be held in contempt for his failure to appear at the settlement hearing. The court mailed a copy of the show cause order to Mr. Davenport.

After the settlement conference, in December 2018, Mr. Stanley's counsel filed a motion for counsel fees and costs, seeking recovery of $2,275 for the time she spent preparing for and attending the scheduling conference and the settlement conference at which Mr. Davenport and his client had failed to appear. Mr. Davenport did not advise Ms. Stanley of the motion, nor did he respond in any manner.

In January 2019, the court granted Mr. Stanley's motion to compel discovery and ordered Ms. Stanley to produce documents within ten days. Mr. Davenport did not advise his client of the order, nor did he produce discovery responses.

Throughout the representation, Mr. Davenport failed to respond to Ms. Stanley's numerous requests for information regarding the case. The last communication she received from Mr. Davenport was in October 2018. Ms. Stanley terminated Mr. Davenport's representation on January 17, 2019 via email, and she requested a refund of the fee paid. Mr. Davenport did not respond to Ms. Stanley and did not provide her with

the requested refund. He also failed to withdraw his appearance from the case, which caused a substantial delay in his client's efforts to settle the matter.

On March 15, 2019, the court held the show cause hearing. Once again, Mr. Davenport did not appear. The court entered an order of absolute divorce, awarded Mr. Stanley $17,807.50 in attorney's fees, and found Mr. Davenport in contempt of court because of his failure to attend the court hearings.

*Bar Counsel's Investigation*

In March 2019, Bar Counsel sent a letter to Mr. Davenport at his post office box, enclosing a copy of the docket entries from Maryland Judiciary Case Search indicating that he failed to appear on two separate occasions and had been found to be in contempt of court. Bar Counsel requested a response by April 11, 2019. Mr. Davenport did not respond.

On May 3, 2019, Bar Counsel sent letters via certified mail to Mr. Davenport at his post office box, as well as an address in Laurel. Bar Counsel enclosed a copy of the March 21 letter and requested a response by May 17, 2019. No response from Mr. Davenport was received.

On June 20, 2019, Bar Counsel sent letters to three additional addresses Bar Counsel identified as being associated with Mr. Davenport. In the June 20 letter, Bar Counsel told Mr. Davenport that the complaint against him had been docketed for further investigation, enclosed copies of the docket entries, and requested a written response by July 1, 2019.

On July 16, 2019, no response having been received, Bar Counsel's investigator called Mr. Davenport on his cell phone. Mr. Davenport answered the phone and told the

6

investigator that he had received Bar Counsel's communication and had misplaced it. Mr. Davenport also told the investigator that he was experiencing serious health issues and had suspended his law practice. Mr. Davenport asked that Bar Counsel send him copies of the prior letters and confirmed that his mailing address was the post office box in Laurel where Bar Counsel had mailed the previous correspondence.

On July 18, 2019, Bar Counsel wrote to Mr. Davenport at his post office box address, advising him that the complaint had been docketed for further investigation, enclosing a copy of the docket entries, and asking for a response by July 29, 2019.

Once again, having received no response, on August 19, 2019, the investigator contacted Mr. Davenport on his cell phone. Mr. Davenport confirmed that he received Bar Counsel's July 18 letter but had not been able to respond because of his health issues. The investigator told Mr. Davenport to contact Bar Counsel to request an extension. Mr. Davenport did not contact Bar Counsel or respond to Bar Counsel's July 18 letter.

On September 5, 2019, Bar Counsel wrote Mr. Davenport for a fifth time, requesting that he provide a copy of his client file for Ms. Stanley's matter and copies of his attorney trust account records and client ledgers for the period of January 2018 through September 2019. Mr. Davenport did not respond to any of Bar Counsel's information requests.

**II**

**Violations of the Rules of Professional Conduct**

Based upon the record, and the above-summarized findings of fact, the hearing judge concluded, by clear and convincing evidence, that Mr. Davenport violated all of the

7

rules pursued by the Commission.[3]  We review the hearing judge's legal conclusions *de novo*.  Md. Rule 19-741(b)(1).  For the reasons set forth below, based upon our independent review of the record, we affirm the hearing judge's legal conclusions on all matters.

*Failing to Meet Basic Standards*

"An attorney shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."  Rule 1.1.  An attorney's representation may be incompetent where that attorney has failed to take necessary, fundamental steps to further a client's case, *Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 222–23 (2012), or has failed to provide legal services required of a client and failed to appear in court for scheduled proceedings. *Attorney Grievance Comm'n v. Ibebuchi*, 471 Md. 286, 301–02 (2020).  Neglecting a client's case by failing to answer discovery requests and failing to file oppositions to motions may also constitute incompetent representation. *Attorney Grievance Comm'n v. Collins*, 469 Md. 134, 145 (2020).

Rule 1.3 requires a lawyer to "act with reasonable diligence and promptness." Failing to keep a client informed as to the status of a case and failing to respond to a client's inquiry violates that rule.  *Attorney Grievance Comm'n v. Ndi*, 459 Md. 42, 55 (2018).

Mr. Davenport failed to satisfy the standards of competence and diligence when he failed to appear at any of the court ordered hearings in his client's case (and failed to advise

---

[3] Bar Counsel withdrew its allegation that Mr. Davenport violated Rule 8.4(c). Consequently, the hearing judge did not render conclusions on that allegation, and we decline to do so as well.

his client of the hearings), filed an untimely and legally insufficient counter-complaint that lacked Ms. Stanley's signature under oath, and neglected to file an amended counter-complaint to correct the deficiencies in the pleading. Mr. Davenport's failure to respond to discovery requests and failure to file responsive pleadings to opposing counsel's motions, including the motion to strike, motion to compel discovery, and motion for attorney's fees and sanctions, also resulted in violations of Rules 1.1 and 1.3.

Turning to the basic rules involving communication, Rule 1.2 provides that "an attorney shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued." As we have previously observed, "[a]n attorney's failure to prosecute her client's case, combined with a failure to communicate with the client about the status of the case, may constitute a violation of this rule." *Attorney Grievance Comm'n v. Edwards*, 462 Md. 642, 697 (2019) (internal citations omitted).

Rule 1.4 requires a lawyer, among other things, to "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests for information." Rule 1.4(a)(2) and (3). Additionally, Rule 1.4(b) provides that "[a]n attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

Mr. Davenport failed to inform his client about any of the hearings that had been scheduled by the court in this case and did not inform her of outstanding discovery requests and motions, including motions to compel and motions for counsel fees. Mr. Davenport failed to respond to his client's communications and requests for information during the

9

entire pendency of her case and neglected to withdraw his appearance after she requested that he do so, which significantly affected her ability to settle the matter. Mr. Davenport ignored his client's request for a refund of the fees that she paid. All of these actions and inactions were obvious failures in Mr. Davenport's representation and communication in violation of Rules 1.2(a) and 1.4(a) and (b).

*Mishandling Fees*

We agree with the hearing judge that Mr. Davenport violated Rule 1.5 and Rule 1.15.

Rule 1.5(a) provides, in part that "[a]n attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." The Rule goes on to describe the factors that determine the reasonableness of fees. A fee that is reasonable at the outset of representation can become unreasonable if the attorney fails to earn it. *See Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 224 (2012) (fee became unreasonable due to the attorney's neglect of the matter and abandonment of representation); *Attorney Grievance Comm'n v. Patterson*, 421 Md. 708, 732 (2011) (an otherwise reasonable fee became unreasonable when the attorney failed to represent the client with competence and diligence). Although the fee may have initially been reasonable at the outset of representation, we agree that the fee became unreasonable considering the minimal, or nonexistent, work that Mr. Davenport performed for his client.

Rule 1.15(a) requires, in pertinent part, that an attorney "hold property of clients or third persons that is in the attorney's possession in connection with a representation

10

separate from the attorney's own property." Specifically, the rule requires that funds be kept in an attorney trust account. *See Attorney Grievance Comm'n v. Hamilton*, 444 Md. 163, 188 (2015). Mr. Davenport violated this rule when he failed to deposit his client's $2,500 payment into an attorney trust account.

*Terminating Representation*

Rule 1.16(d) provides, in pertinent part, that in connection with the termination of representation, "an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . and refunding any advance payment of fee or expense that has not been earned or incurred." We agree with the hearing judge's conclusion that Mr. Davenport violated Rule 1.16(d) when he abandoned his client's case—in essence, terminating her representation without giving her or the court any notice. Similarly, he violated the rule when he failed to refund the unearned fees to her. *See Attorney Grievance Comm'n v. Stinson*, 428 Md. 147, 192–93 (2012) (attorney violated Rule 1.16(d) by not refunding unearned fees upon termination of representation).

*Failure to Respond to Bar Counsel's Request for Information*

In connection with an investigation, cooperation with Bar Counsel is essential. Rule 8.1(b) provides in part that, in connection with a disciplinary matter, an attorney shall not "fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." Because Mr. Davenport knowingly and intentionally failed to respond to Bar Counsel's numerous lawful requests for information

11

and documentation in connection with Bar Counsel's investigation, we agree with the hearing judge that he violated Rule 8.1(b).

*General Misconduct*

Rule 8.4(a) states that it is professional misconduct for an attorney "to violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct." As a consequence of his violation of multiple rules of professional conduct, Mr. Davenport violated Rule 8.4(a).

Under Rule 8.4(d), an attorney commits professional misconduct when he or she "engage[s] in conduct that is prejudicial to the administration of justice." Mr. Davenport's conduct, taken as a whole, brings the profession into disrepute and was prejudicial to the administration of justice in violation of Rule 8.4(d). Not only did he betray his client's trust by utterly abandoning her representation, his failure to attend hearings wasted the circuit court's, opposing counsel's, and the opposing party's time and resources, resulting in attorney's fees that could have been avoided had Mr. Davenport shown up, or communicated in any fashion, with his client, the court, and opposing counsel, a good faith reason for his inability to show up. Moreover, Mr. Davenport's failure to withdraw as counsel in the case delayed Ms. Stanley's ability to settle her case. These inactions evidenced disrespect not only for his client's interests, but also for the court and the opposing party and counsel, ultimately resulting in his being found to be in contempt of court.

# III

## Sanction

For the reasons set forth herein, we entered a *per curiam* order disbarring Mr. Davenport. When selecting a sanction in an attorney discipline case, we do so keeping in mind that our goal is to protect the public and deter future misconduct rather than to punish the attorney. *Attorney Grievance Comm'n v. Woolery*, 456 Md. 483, 497–98 (2017). In deciding the appropriate sanction in a given case, we consider any aggravating and mitigating factors. In doing so, we typically consult the list of aggravating and mitigating factors developed by the American Bar Association. *See Attorney Grievance Comm'n v. Blatt*, 463 Md. 679, 707 n.19 (2019) (listing aggravating and mitigating factors).

The hearing judge found clear and convincing evidence of four aggravating factors—multiple offenses; bad faith obstruction of the disciplinary process; substantial experience in the practice of law; and indifference to making restitution. No mitigating or extenuating circumstances were presented by Mr. Davenport.

Based upon these aggravating factors and the underlying misconduct, we conclude that disbarment is the appropriate sanction. As noted above, Mr. Davenport completely abandoned his representation of his client, without providing any services of value, and failed to refund any funds paid. Mr. Davenport failed to appear at court hearings, failed to notify his client of scheduled court dates, and failed to provide Ms. Stanley with any information concerning the status of her case. If Mr. Davenport had a valid excuse for his inability to represent Ms. Stanley, he did not communicate that to anyone, including his client. When Ms. Stanley filed a complaint with Bar Counsel, Mr. Davenport failed to

participate in the investigation in any manner. This Court has disbarred attorneys for similar conduct. *See Attorney Grievance Comm'n v. Blair*, 440 Md. 387 (2014) (disbarring attorney who abandoned the representation of a client, retained unearned fees, and failed to participate in the attorney grievance proceeding); *Attorney Grievance Comm'n v. Kaufman*, 466 Md. 404 (2019) (disbarring attorney who abandoned representation of a client and failed to respond to Bar Counsel's requests for information). Under the circumstances, disbarment is the appropriate outcome.